United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20548
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO BENITO-HERRERA, also known as Cako,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-446-3
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Fernando Benito-Herrera appeals his guilty-plea sentence for conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203(a). He argues that the enhancement of his sentence pursuant to United States Sentencing Guidelines § 2A4.1(b)(3) violates Blakely v. Washington, 124 S. Ct. 2531 (2004), because the enhancement was not charged in the indictment and the facts underlying the enhancement were not found by a jury or admitted by him. We do not address whether Benito-Herrera's appeal waiver

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applies to his Blakely argument, because, even if he did not waive the right to raise this argument on appeal, his sentence should be affirmed.

In Blakely, the Supreme Court held that the Sixth Amendment prohibits state sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S. Ct. at 2537. In United States v. Booker, 125 S. Ct. 738, 749-50 (2005), the Supreme Court held that the system of enhancements established by the federal sentencing guidelines violated the Sixth Amendment as construed in Blakely.

This court's review is for plain error because Benito-Herrera's Blakely argument is raised for the first time on appeal. See United States v. Mares, 402 F.3d 511, 520 (5th Cir 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517). The enhancement of Benito-Herrera's sentence under U.S.S.G. § 2A4.1(b)(3) was plain error because the facts underlying the enhancement were found by the sentencing judge under a mandatory guidelines system. See Mares, 402 F.3d at 520-21. Nothing in the record indicates, however, that the plain error affected Benito-Herrera's substantial rights. See id. at 522. Accordingly, Benito-Herrera's sentence is AFFIRMED.